IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-22-231-2 |
| | * | |
| TIFFANY RAINEL WILLIAMS, | * | |
| | * | |
| Defendant | * | |
| | * | |

*******

**GOVERNMENT'S RESPONSE IN OPPOSSITION TO
DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

The United States of America, through undersigned counsel, respectfully opposes the Defendant's motion to reopen detention hearing. For the reasons that follow, this Court should decline the Defendant's invitation to reopen detention hearing.

**I.   Background**

On June 29, 2022, a federal Grand Jury for the District of Maryland, upon a finding of probable cause, returned an indictment charging the Defendant with Bank Fraud Conspiracy, Bank Fraud, and Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1349, 1344, and 1028A, and aiding and abetting these crimes, in violation of Title 18, United States Code, Section 2.

On August 3, 2022, the Defendant was arrested and brought before a magistrate for arraignment and detention hearing. In anticipation of this hearing, the Government submitted a detention memorandum and recommended the court detain the Defendant because no condition or combination of conditions would reasonably assure the Defendant's appearance as required. *See* 18 U.S.C. §§ 3142(e)(1), (f)(2)(A).

A Pretrial Services Report was generated; it recommended that the Defendant be detained pending trial. Pretrial Services Report at 14. In the section concerning the Defendant prior record,

the Report noted that the Defendant had "9 alias names, 4 Social Security Numbers, and 5 dates of birth." *Id.* at 1. In addition, the Report listed the Defendant's extensive criminal record, which included approximately 30 failures to appear. *Id.* at 4-13. At her arraignment, the Defendant entered pleas of not guilty and consented to detention.

On August 30, 2022, the Defendant, through counsel, filed a motion requesting a detention hearing. *See* ECF No. 62. In the Motion, the Defendant submitted that she had "consented to detention in this matter due to two outstanding warrants she had pending in Montgomery County District Court . . . and Prince George's County District Court." *Id*. Since then, the Motion explained, counsel for the Defendant had the Montgomery County warrant recalled and was awaiting a ruling by a District Court Judge in the Prince George's County District Court on a "Consent Motion to Recall Bench Warrant". *Id*. Moreover, the Motion noted that the Defendant's mother, Robin Walker, was deemed a suitable third-party custodian, and that if released, the Defendant would reside with her mother. *Id*.

This Court granted the Defendant's Motion and scheduled a detention hearing for September 7, 2022. Prior to the hearing, Pretrial Services submitted an Addendum to the Pretrial Services Report indicating that both warrants had been recalled, and notwithstanding, the Defendant's detention pending trial was still recommended.

On September 7, 2022, the Defendant's detention hearing was held. After considering the parties arguments, including the fact the Defendant had three children, this Court concluded that detention was necessary because of the nature and circumstances of the offense, the weight of the evidence against the defendant, her criminal history, and in particular, the Defendant's lengthy history of failures to appear. At the hearing, the Court indicated that it had little confidence that any condition or combination of conditions could be fashioned that would prevent the Defendant

from doing whatever she wanted to do rather than come to Court when required. In addition to the Court's oral record, the Court issued a Form AO 472, Order of Detention Pending Trial, further explaining its reasons for detaining the Defendant. In the Order, the Court highlighted that the Defendant had "28–30 BWS/FTA warrants," prior violations of probation, use of aliases, and had participated in criminal activity while on probation. ECF No. 65.

On September 30, 2022, the Defendant, through counsel, filed a motion to reopen the detention hearing. *See* ECF No. 69. The Defendant raises a single change in circumstance, based on status changes to her pending criminal matters in multiple jurisdictions, which is insufficient to reopen the issue of detention. *See id*. at 2; *see also* 18 U.S.C. § 3142(f)(2)(B).

II. **Argument**

Under the Bail Reform Act of 1984, "a detention hearing *may* be reopened" if certain conditions are met. 18 U.S.C. § 3142(f) (emphasis added). A detention hearing may be reopened if: (1) new information exists that was unknown to the movant at the time of hearing; and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. 18 U.S.C. § 3142(f)(2)(b). Put differently, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) (unpublished).

A. <u>The Defendant Fails to Demonstrate Material New Information</u>

Here, the changes in status to Defendant's pending state court matters, while arguably new, has no "material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial." *See* 18 U.S.C. § 3142(f)(2)(b). The Defendant's

astonishing pattern of failing to appear remains unchanged and is the most salient point in the analysis as to her risk of non-appearance in this case. The Defendant's prior record proves that she will likely not hesitate to violate the Court's orders. Indeed, the Defendant committed the instant offense while on court ordered supervision.

Therefore, the Court should deny the Defendant's request to reopen detention hearing.

### III. Conclusion

For the reasons set forth above, the government respectfully submits that the changes in status to Defendant's state court matters has no "material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial." *See* 18 U.S.C. § 3142(f)(2)(b).

Respectfully Submitted,

Erek L. Barron
United States Attorney

*/s/ G. Michael Morgan, Jr.*
Digitally signed by GARY MORGAN
Date: 2022.10.13 17:49:56 -04'00'

G. Michael Morgan, Jr.
Assistant United States Attorney

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record, on October 13, 2022.

/s/
G. Michael Morgan, Jr.
Assistant United States Attorney